**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30025 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00031-SPW-1 |
| v. | |
| FRANK WAYNE REINKE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 7, 2018**
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

Franke Wayne Reinke appeals his conviction of firearm possession in

violation of 18 U.S.C. §§ 922(g)(1) and 922(j). We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err by denying Reinke's motion to suppress evidence seized from two police searches of his vehicle.

Deputy Lester had reasonable suspicion to stop Reinke for driving under the influence. "An investigatory stop of a vehicle is reasonable under the Fourth Amendment if the officer reasonably suspects that a traffic violation has occurred." *United States v. Miranda-Guerena*, 445 F.3d 1233, 1236 (9th Cir. 2006). Deputy Lester observed Reinke driving in the middle of two lanes ten miles under the speed limit despite the absence of other vehicles.

Reinke's traffic stop was not prolonged by a K-9 search. An officer "may conduct certain unrelated checks during an otherwise lawful traffic stop," as long as he does not unreasonably prolong the stop. *Rodriguez v. United States,* 135 S. Ct. 1609, 1615 (2015). Deputy Lester did not unreasonably prolong the stop. He requested a K-9 search as he went to his vehicle to write Reinke's citation, and the K-9 search was completed before Deputy Lester gave Reinke's passenger a citation.

The probation officers had reasonable suspicion to search Reinke's truck. As a condition of his parole, Reinke agreed to allow a probation officer to search his person, vehicle, or residence without a warrant if the officer had reasonable suspicion that Reinke violated the conditions of his parole or was engaged in

2

criminal activity. Officers Clark and Zent had many reasons to suspect that Reinke was engaged in criminal activity. The officers were aware that the police had a warrant out for Reinke's arrest before they visited Reinke's camper. Once they arrived, Reinke padlocked his camper in violation of his parole, fled the scene on foot and gave cause for suspicion. *See United States v. Smith*, 633 F.3d 889, 893 (9th Cir. 2011). The officer recognized the orange truck as one that Reinke often drove, and saw two bottles of alcohol, one half-empty, through the truck's opened door. This indicated that Reinke had violated yet another condition of his parole by consuming alcohol. Upon reporting the incident to the police, the probation officers were informed that Reinke was known to have firearms in the bed of his truck.

**AFFIRMED.**